[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 21, 2009
THOMAS K. KAHN
CLERK

No. 08-15380
Non-Argument Calendar

_____

D. C. Docket No. 07-00107-CR-ORL-28GJK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADOLFO CEPERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 21, 2009)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Adolfo Cepero appeals his 300-month sentence imposed after he pled guilty

to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Cepero argues that the district court erred in denying him a sentence reduction for acceptance of responsibility and by imposing an enhancement for obstruction of justice. Cepero furthers argues that because the district court did not grant him a reduction for acceptance of responsibility, the court erred in calculating his Guideline range and therefore his sentence is procedurally unreasonable.

## I.     Acceptance of Responsibility Reduction

On appeal, Cepero argues that he was entitled to an acceptance of responsibility reduction because he timely entered a guilty plea. Section 3E1.1(a) of the Sentencing Guidelines instructs sentencing courts to decrease a defendant's base offense level by two if he clearly demonstrates that he has accepted responsibility for his offense. A third point may be deducted upon motion of the government if the defendant accepts responsibility in a timely manner and the offense level is 16 or greater. § 3E1.1(b). Under U.S.S.G. § 3E1.1, a guilty plea is "significant evidence of acceptance of responsibility" but may be outweighed if the defendant acts in a manner that is inconsistent with acceptance of responsibility.

We review the district court's determination of acceptance of responsibility for clear error. United States v. Amedeo, 370 F.3d 1305, 1320 (11th Cir. 2004).

2

"A district court's determination that a defendant is not entitled to acceptance of responsibility will not be set aside unless the facts in the record clearly establish that a defendant has accepted personal responsibility." Amadeo, 370 F.3d at 1320-21 (quoting United States v. Sawyer, 180 F.3d 1319, 1323 (11th Cir.1999)). Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility[,] . . . the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, cmt. (n.5). We review the district court's credibility determinations as to a defendant's acceptance of responsibility for clear error. Amedeo, 370 F.3d at 1318.

The district court denied Cepero an acceptance of responsibility reduction on the grounds that he sold information to other inmates to enable them to testify falsely in exchange for a sentence reduction and that he threatened and intimidated a fellow inmate—in one instance actually striking that inmate—so that the inmate would not cooperate with the government.

After reviewing the testimony elicited at sentencing, we find that the district court did not clearly err in its determination that Cepero had not accepted responsibility. Specifically, testimony by one of Cepero's fellow inmates and by a DEA agent, who had spoken with several other inmates, established that Cepero had on several ocassions offered to sell inmates incriminating information about a

3

co-conspirator who was implicated in a homicide so that the inmates could give the information to the prosecutors to attempt to reduce their sentences. The testimony also established that Cepero and an inmate he had hired as a body guard had intimidated and threatened several inmates and in one case beat an inmate suspected of cooperating with the government.

Although Cepero argues that this testimony is contradicted by his own testimony and that of other witnesses, this argument is, as the government points out, an attack on the district court's credibility determination. Because we see no indication that the district court's decision to credit certain testimony over others was clearly erroneous, we affirm the district court on this issue. See Amedeo, 370 F.3d at 1318.

## II.    Obstruction of Justice Enhancement

Cepero argues that the district court erred by enhancing his sentence by two levels for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, based on the same facts that it used to deny the acceptance of responsibility reduction. Section 3C1.1 of the Sentencing Guidelines provides: "If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of

conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels." U.S.S.G. § 3C1.1. Although we do not believe, based upon the testimony regarding Cepero's post-incarceration conduct, that the district court erred in imposing the obstruction of justice enhancement, removal of the enhancement would have no effect on Cepero's offense level, because he was sentenced as a career offender, see U.S.S.G. § 4B1.1, and therefore his sentence was not modified based upon the obstruction of justice enhancement. See U.S.S.G. § 4B1.1(b) (only permissible adjustment to base offense level calculated under career offender provision is for acceptance of responsibility). Thus, even had the district court erred with respect to the imposition of an obstruction of justice enhancement, the error would have been harmless. See United States v. Hernandez, 160 F.3d 661, 670-71 (11th Cir. 1998).[1]

**AFFIRMED**.

---

[1] Because we have held that the district court did not err in refusing to grant Cepero an acceptance of responsibility reduction and imposing (albeit with no effect) an obstruction of justice enhancement, we likewise reject Cepero's argument that his sentence was procedurally unreasonable based upon the district court's failure to reduce his sentence for acceptance of responsibility as part of its calculation of his Guidelines range. Cepero does not argue, and we see no indication, that Cepero's sentence was otherwise procedurally (or substantively) unreasonable.